UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO YANG,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C16-1610-RBL-MAT

REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Bao Yang proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1966.[1] She moved to the United States from Laos when she

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

was 18, and received no education in Laos or the United States, with the exception of ESL courses in the United States. (AR 220.) She previously worked at a chicken processing plant and a sewing factory. (AR 46-47, 55, 166.)

In June 2010 and March 2011, respectively, Plaintiff filed for DIB and SSI, alleging disability beginning November 17, 2008. (AR 133-41, 149.) Her applications were denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 91-93, 96-98, 101-02.)

On December 19, 2011, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 28-67.) On February 8, 2012, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-22.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 9, 2013 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further proceedings. (AR 664-72.)

On remand, the ALJ held a second hearing on February 12, 2015, and took testimony from Plaintiff and a VE. (AR 599-630.) On June 15, 2015, the ALJ found Plaintiff not disabled. (AR 576-91.) After reviewing additional evidence, the Appeals Council declined to assume jurisdiction on September 27, 2016. (AR 541-49.) Plaintiff now seeks judicial review, asking the Court to reverse the ALJ's decision and remand for further proceedings, to allow the ALJ to consider the evidence that was submitted to the Appeals Council. Dkt. 13 at 1.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

///

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not performed substantial gainful activity since her alleged onset date. (AR 578-79.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's carpal tunnel syndrome, right shoulder disorder, depression, anxiety, and post-traumatic stress disorder. (AR 579-80.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 580-82.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with additional restrictions.[2] She can frequently climb ramps and stairs, but never ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, and crouch. She can never crawl, but can frequently reach, handle, and finger. She must avoid concentrated exposure to vibration and hazards. The claimant can perform simple, routine tasks and follow short, simple instructions; she can do work that needs little or no judgment; and she can perform simple duties that can be learned on the job in a short period. She can have "occasional" (meaning from time to time or every now and then) interactions of a

---

[2] The ALJ also entered alternate RFC findings, restricting Plaintiff to light work, with no feeling required, and the remainder of the primary RFC findings, and indicated that there would be jobs that exist in significant numbers that would be consistent with such findings. (AR 591 n.7.)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

superficial nature with co-workers and supervisors, and can work in proximity to co-workers, but not in a cooperative or team effort. She requires a work environment that is predictable and with few work setting changes. She cannot deal with the general public as an essential element of the work process, but incidental contact of a superficial nature with the general public is not precluded. (AR 582-83.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 589.)

The ALJ then proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as housekeeper/cleaner, product assembler, laundry worker, and janitor/clean-up worker. (AR 590-91.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ's decision is undermined by evidence submitted for the first time to the Appeals Council, such that the case must be remanded to allow the ALJ to consider that evidence. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

Appeals Council Evidence

Following the issuance of an ALJ decision finding a claimant not disabled, the claimant may submit "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision" for the Appeals Council to consider in deciding whether to review the case. *See* 20 C.F.R. § 404.970(a)(5). When a court reviews an ALJ's decision, the court considers both the record before the ALJ as well as additional evidence considered by the Appeals Council, to determine whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

In this case, Plaintiff submitted multiple medical opinions to the Appeals Council. (AR 936-59.) The Appeals Council discussed those opinions in its order declining to assume jurisdiction, and found that "none of these opinions changes the weight of the evidence of record" because the opinions are inconsistent with contemporaneous treatment notes and Plaintiff's activities, and are unsupported by objective evidence. (AR 541-49.)

Plaintiff's briefing focuses on some of these opinions, namely opinions rendered by Karl Weyrauch, M.D., who opined that Plaintiff was limited to sedentary work, in light of her pain in her right shoulder, arm, hand; neck pain; carpal tunnel syndrome; and neuropathy. (*See* AR 942-48, 956-59.) According to Plaintiff, if she is limited to sedentary work, she would be considered disabled under the Medical-Vocational Guidelines. *See* Dkt. 13 at 6.

Dr. Weyrauch's opinions represent a somewhat unique position in the administrative record, because they are among the few treating source opinions regarding Plaintiff's physical functioning. The record before the ALJ contained only one such treating source opinion, to which the ALJ assigned minimal weight, and that treating source did not address all of the conditions that Dr. Weyrauch mentioned. (AR 587 (referencing AR 528-33).) The scarcity of opinion evidence

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

regarding Plaintiff's physical functioning in the record before the ALJ leads the Court to find that the RFC assessment is not supported by substantial evidence. The ALJ rejected not only the one treating source opinion but also the State agency opinions regarding Plaintiff's physical functioning (AR 587), and did not cite any other evidence describing Plaintiff's physical functionality. (AR 584-85.) Without any credited opinion evidence or other evidence indicating Plaintiff's physical functional abilities, the ALJ's RFC assessment appears to lack foundation as to Plaintiff's physical limitations.

Although the Appeals Council explained why it would not fully credit Dr. Weyrauch's opinions (AR 541-49), and the Commissioner urges the Court to enter similar findings (Dkt. 14 at 3-5), it is the ALJ (not the court) who is responsible for resolving conflicts in the medical record and resolving ambiguities. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."). Because the ALJ's decision is not supported by substantial evidence, the case should be remanded to permit the ALJ to, *inter alia*, review the entire record.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 7, 2017**.

DATED this 16th day of June, 2017.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7